```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
JOSEPH MOSCATO,                           :
                                          :
              Plaintiff,                  :
                                          :
    -against-                             :   05 Civ. 10313(KMW)
                                          :   Opinion and Order
MDM GROUP, INC.,                          :
                                          :
              Defendant.                  :
                                          :
------------------------------------------x
```
KIMBA M. WOOD, U.S.D.J.:

    Plaintiff Joseph Moscato ("Plaintiff") brings this diversity action against Defendant MDM Group, Inc. ("MDM"), alleging that MDM wrongfully refused to remove restrictions on MDM stock owned by Plaintiff. In an unopposed motion,[1] MDM moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[2] MDM argues, inter alia, that

---

    [1] Plaintiff never submitted a memorandum of law in opposition to MDM's motion. On November 28, 2007, the Court notified Plaintiff, who is represented by counsel, that it would deem MDM's motion to be unopposed unless, no later than December 7, 2007, Plaintiff submitted a letter to the Court that (1) explained why he never filed a memorandum of law in opposition to MDM's motion; and (2) requested an extension of time. Plaintiff did not respond to this order. Accordingly, the Court deems MDM's motion to be unopposed. The Court notes that although Defendant's motion is unopposed, the Court must review it on its merits. See Haas v. Commerce Bank, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007).

    [2] MDM also moves to dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim. Because the Court dismisses this action for lack of personal jurisdiction, the Court does not reach MDM's Rule 12(b)(6) argument.

a previous decision dismissing an action between Plaintiff and MDM for lack of personal jurisdiction has collateral estoppel effect. See Moscato v. MDM Group, Inc. ("Moscato I"), No. 04 Civ. 2487, 2005 WL 146806 (S.D.N.Y. Jan. 21, 2005) (Daniels, J.).

For the reasons stated below, the Court GRANTS MDM's motion and dismisses Plaintiff's case. No later than August 10, 2008, either party may reopen this case by filing a motion to transfer venue in lieu of dismissal pursuant to 28 U.S.C. § 1631.

I. Background

   A. Plaintiff's Allegations[3]

In 2002, Plaintiff purchased shares of MDM stock ("the MDM shares"). The MDM shares were subject to certain resale restrictions and contained a legend marking these restrictions. (Compl. ¶¶ 7, 8.) Plaintiff alleges that he had a right to sell the MDM shares without restriction after two years. (Compl. ¶ 8.)

In 2004, two years after he purchased the MDM shares, Plaintiff requested that MDM's transfer agent, Signature Stock Transfer Incorporated ("Signature"), reissue the MDM shares without restrictions. (Compl. ¶ 9.) Signature refused to reissue the shares. (Compl. ¶ 10.) Plaintiff alleges that this

---

[3] These allegations are taken from the Complaint and are assumed to be true for the purpose of reviewing MDM's Rule 12(b)(2) motion.

refusal was part of a conspiracy, in which MDM participated, to artificially inflate MDM share prices by wrongfully preventing Plaintiff from selling his shares. (Compl. ¶ 12.)

Plaintiff alleges eight causes of action against MDM: (1) violation of the New York Uniform Commercial Code; (2) breach of the covenant of good faith and fair dealing; (3) conversion; (4) interference with prospective economic advantage; (5) fraud; (6) breach of fiduciary duty; (7) negligence; and (8) slander of title.

B. Procedural History

Plaintiff commenced the current action ("Moscato II") in New York State Supreme Court, New York County, on September 2, 2005, and served a copy of the Summons and Complaint on MDM on November 10, 2005. On December 9, 2005, MDM removed this action to the United States District Court for the Southern District of New York. On January 5, 2006, MDM filed a motion to dismiss for lack of personal jurisdiction and asserted that Moscato I's personal jurisdiction ruling has issue preclusive effect. At a conference on March 7, 2006, the Court granted Plaintiff permission to conduct limited jurisdictional discovery regarding whether MDM has a New York office.[4]

---

[4] Plaintiff represented to the Court that it was making "a new allegation in this case as to where an office is," and the Court concluded that "quick, informal" discovery was therefore

On March 30, 2007, the Court held a conference to determine whether it has subject matter jurisdiction over this action.[5] Specifically, the Court considered whether New York was MDM's principal place of business at the time this action was filed, as alleged in the Complaint. During this conference, the Court reviewed Plaintiff's evidence supporting his allegation that MDM has a New York office. The Court found that New York was not MDM's principal place of business at the time this action was filed. Accordingly, the Court concluded that it has subject matter jurisdiction over this case.[6] However, the Court did not

---

appropriate. (See Mar. 7, 2006 Tr. 3-6.)

[5] The Court considered sua sponte the question of whether it has subject matter jurisdiction. The Moscato II Complaint alleged that Plaintiff is a citizen of New York and that MDM maintained its principal offices and principal place of business in New York. If true, these allegations would defeat diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

[6] The Court clarifies a statement it made during the March 30, 2007 conference. The Court stated, "I find that the Court does have subject matter jurisdiction over the case and that it should not be remanded. I find that MDM did not have its principal place of business in New York in 2006." (Mar. 30, 2007 Tr. 16.) Because this action commenced in 2005, the relevant question before the Court is whether MDM had its principal place of business in New York in 2005, not 2006. See United National Ins. Co. v. Waterfront N.Y. Realty Corp., No. 89 Civ. 4525, 1997 WL 122792, at *2 (S.D.N.Y. Mar. 17, 1997). The Court finds that the evidence at the conference indicated that New York was not MDM's principal place of business in 2005. Thus, the Court concludes that it has subject matter jurisdiction over this action.

consider whether it has personal jurisdiction over MDM.[7] (See Mar. 30, 2007 Tr. 16-17.)

C. Plaintiff's Previous Action

Plaintiff previously filed an action against MDM, Moscato I, in this district on March 30, 2004.[8] Plaintiff asserted the same eight causes of action against MDM, and alleged virtually identical underlying facts.[9] However, while the Moscato II Complaint alleged that MDM maintained its principal offices in New York, see supra note 5, the Moscato I Complaint did not include this allegation.

MDM moved to dismiss Moscato I for lack of personal jurisdiction, and Plaintiff opposed the motion. In his opposition, Plaintiff alleged that MDM "has had offices at the

---

[7] Although the question of personal jurisdiction overlaps with the question of subject matter jurisdiction, the personal jurisdiction question requires a broader inquiry. With respect to subject matter jurisdiction, the question before the Court is whether MDM's principal place of business in 2005 was in New York. See 28 U.S.C. § 1332(c)(1). With respect to personal jurisdiction, the question before the Court is (1) whether MDM was "doing business" in New York in 2005, see N.Y. C.P.L.R. § 301, or (2) whether New York's long-arm statute applies, see N.Y. C.P.L.R. § 302.

[8] The previous action alleged claims against two additional defendants: Signature and Peter Boonen ("Boonen"), the director and principal shareholder of MDM. MDM is the only defendant in the action currently before this Court.

[9] The Court discusses the differences between the two Complaints infra Part II.C.

5

following address 45 John St., Suite 900, [New York] . . . until they moved to 122 E. 42nd [Street, New York]," and presented billing correspondence and two bank statements that cited the 122 E. 42nd Street address. Plaintiff also alleged that MDM pays rent for use of the 122 E. 42nd Street building, and asserted that discovery would reveal additional evidence of sufficient contacts between MDM and New York. (See Moscato I Pl. Opp. ¶¶ 14-23, D.E. 23.)

By order dated January 20 2005, Judge George B. Daniels granted MDM's motion to dismiss for lack of personal jurisdiction.[10] Judge Daniels held:

> [P]laintiff has not alleged that MDM currently has any offices, employees, agents, assets, telephone listing, or customers in New York. Plaintiff has not alleged that MDM transacts business in New York or that MDM supplies goods or services here. Absent more, plaintiff's claims in his opposition brief are insufficient to find that MDM is either carrying on systematic and regular activities sufficient to permit the exercise of jurisdiction under the "doing business" standard of § 301 or that MDM has transacted business in New York sufficient to permit personal jurisdiction under New York's long-arm statute.

Moscato I, 2005 WL 146806, at *3.

II. Discussion

---

[10] Judge Daniels also dismissed the action against Signature for lack of personal jurisdiction, and dismissed the action against Boonen for failure to state a claim.

A. Rule 12(b)(2)[11]

A defendant may move to dismiss an action under Rule 12(b)(2) for lack of personal jurisdiction. "Where [a] plaintiff has engaged in jurisdictional discovery, but no evidentiary hearing [has been] conducted," a plaintiff may defeat a Rule 12(b)(2) motion by making "an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant." Tex. Int'l Magnetics, Inc. v. Auriga-Aurex, Inc., 334 F.3d 204, 206 (2d Cir. 2003) (internal quotation marks omitted). Under Rule 12(b)(2), the Court "may look to evidence outside the pleadings." Sandoval v. Abaco Club on Winding Bay, 507 F. Supp. 2d 312, 315 (S.D.N.Y. 2007). The Court must construe the pleadings and evidence regarding personal jurisdiction in the light most favorable to the plaintiff, resolving all doubts in his favor. DiStefano v. Carozzi N. America, Inc., 286 F.3d 81, 84 (2d Cir. 2001).

---

[11] Motions to dismiss based on collateral estoppel are generally brought pursuant to Federal Rule of Civil Procedure 12(b)(6). See Delor v. Fasano, No. 05 Civ. 6470, 2006 WL 1389773, at *3 (W.D.N.Y. Apr. 30, 2006). However, because the issue underlying MDM's collateral estoppel claim is personal jurisdiction, the Court considers MDM's motion under Rule 12(b)(2). See, e.g., 1 Five 0, Inc. v. A. Schulman, Inc., No. 99 Civ. 0354E, 2000 WL 744003 (W.D.N.Y. June 5, 2000) (considering under Rule 12(b)(2) a motion to dismiss based on collateral estoppel regarding personal jurisdiction); Kitces v. Wood, 917 F. Supp. 338 (D.N.J. 1996) (same); Deckert v. First Wachovia Student Fin. Servs., Inc., No. 4-91-065-A, 1991 WL 346395 (N.D. Tex. Jun. 13, 1991), aff'd 963 F.2d 816 (5th Cir. 1992) (same).

B. Collateral Estoppel

"The doctrine of collateral estoppel prevents previously litigated issues from being relitigated, thereby producing finality in judgments." Beck v. Levering, 947 F.2d 639, 642 (2d Cir. 1991). The principles of collateral estoppel apply to jurisdictional issues, including personal jurisdiction. See Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999); Deckert, 963 F.2d 816; 1 Five 0, Inc., 2000 WL 744003, at *2.

In order for collateral estoppel to apply, (1) "the issues in both proceedings must be identical"; (2) "the issue in the prior proceedings must have been actually litigated and actually decided"; (3) "there must have been [a] full and fair opportunity for . . . litigation in the prior proceeding"; and (4) "the issue previously litigated must have been necessary to support a valid and final judgment on the merits." Beck, 947 F.2d at 642.

Accordingly, the Court will find that collateral estoppel applies to the personal jurisdiction issue in Moscato II only if (1) Plaintiff's averred facts regarding jurisdiction indicate that the personal jurisdiction issues in Moscato I and Moscato II are identical as a matter of law; and (2) the Moscato I record indicates that (a) the personal jurisdiction issue was actually litigated and actually decided, (b) Plaintiff had a full and fair opportunity to litigate the issue, and (c) the personal

jurisdiction ruling was necessary to support a valid and final judgment on the merits.[12] The Court concludes that all four factors support the application of collateral estoppel to this action. Accordingly, Moscato I's personal jurisdiction determination is binding on this Court.

C. Analysis

1. Identical Issues

"[T]he issue of personal jurisdiction turns on whether the trial court has jurisdiction over the person of a defendant at the time the suit is commenced." Pohlmann, 176 F.3d at 1112. When a plaintiff files two actions against the same defendant in the same district, the personal jurisdiction issue is generally identical unless (1) "subsequent events . . . create a new legal situation," id. at 1113; (2) the plaintiff alleges new material facts that could not have been previously discovered "in the exercise of due diligence," Moore's Federal Practice, § 132.02; see also Klein v. Comm'r, 880 F.2d 260, 263 (10th Cir. 1989); or (3) the second complaint alleges a new cause of action that provides a different basis for personal jurisdiction, see Barrett

---

[12] Although Plaintiff did not oppose MDM's motion to dismiss, at the March 30, 2007 conference, Plaintiff submitted evidence and made representations regarding MDM's New York ties. In its discretion, the Court considers these allegations in evaluating MDM's motion to dismiss. The Court considers all evidence in the light most favorable to Plaintiff.

v. Tema Dev., 463 F. Supp. 2d 423, 428 (S.D.N.Y. 2006). Because none of these exceptions apply to this action, the Court concludes that Moscato I and Moscato II raise the identical personal jurisdiction issue.

First, Plaintiff does not allege that MDM's New York contacts changed between the commencement of Moscato I in March 2004 and the commencement of Moscato II in September 2005. Although the Moscato II Complaint alleges that MDM maintains offices in New York while the Moscato I Complaint was silent on this issue, Plaintiff represented to the Court that MDM's alleged New York office existed when Moscato I commenced in 2004.[13] (See Mar. 30, 2007 Tr. 2-3 (stating that a website printout listing 122 East 42nd Street, New York, N.Y. as MDM's address was dated from 2003); id. at 14 (stating that MDM has conducted business in New York offices since 2002).) Thus, Plaintiff has not alleged that there was a change in controlling facts between the commencement of Moscato I and Moscato II.

Second, Plaintiff does not allege any facts about MDM's New York office that he could not have presented to the Moscato I court in 2004. The only evidence Plaintiff presented in this

---

[13] MDM disputes that any such New York office exists. At the March 30, 2007 conference, the Court found that MDM did not have its principal place of business in New York, but the Court did not address whether MDM conducted business in New York. See supra note 6.

action that he did not also present to the Moscato I court is a website printout dated from 2003, before Moscato I commenced. See Yamaha Corp. of America v. United States, 961 F.2d 245, 257 (D.C. Cir. 1992) (holding that collateral estoppel applied despite newly-submitted evidence, because this evidence could have been submitted in the previous case).

Third, Moscato I and Moscato II allege identical causes of action against MDM, based on the same underlying transactions. Thus, the claims in Moscato II do not raise a different basis for personal jurisdiction. See Barrett, 463 F. Supp. 2d at 428 (holding that because personal jurisdiction determinations require "a fact-sensitive analysis," a complaint that raised different causes of action and substantially different "facts underlying [the plaintiff's] claim to jurisdiction" presented a different personal jurisdiction issue).[14]

Accordingly, the Court concludes that the personal jurisdiction issues in Moscato I and Moscato II are identical as a matter of law.

2. Remaining Factors

---

[14] The Court notes the Moscato II Complaint added the following allegation: "Defendant failed to issue Plaintiff 250,000 shares of [MDM] stock in compensation for work performed by Plaintiff." (Moscato II Compl. ¶ 7.) Plaintiff did not allege any new cause of action based on this allegation. This allegation therefore does not affect the Court's collateral estoppel analysis.

The three remaining collateral estoppel factors likewise support the application of collateral estoppel to this action.

First, the personal jurisdiction issue was actually litigated and decided in Moscato I. In Moscato I, MDM raised its personal jurisdiction argument in its motion papers. (See MDM Mem., D.E. 15.) Plaintiff responded to this argument in his opposition brief and submitted evidence regarding MDM's New York contacts. (See Pl. Opp., D.E. 23.) The Moscato I court expressly considered Plaintiff's evidence and dismissed the action against MDM for lack of personal jurisdiction.

Second, Plaintiff had a full and fair opportunity to litigate the personal jurisdiction issue. Plaintiff submitted an opposition brief addressing the Court's personal jurisdiction over MDM, and the Court addressed Plaintiff's arguments in its order dismissing the action. Plaintiff had a full incentive to litigate the issue in Moscato I because personal jurisdiction was a threshold issue and he sought significant damages.[15] See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 330 (1979).

Third, the Moscato I judgment was valid and final, and the court's personal jurisdiction ruling was necessary to the judgment. The Moscato I order dismissed Plaintiff's action

---

[15] Plaintiff sought $6 million in compensatory damages, as well as an undisclosed amount of punitive damages. (See Moscato I Compl., D.E. 1.)

against MDM due to lack of personal jurisdiction and closed the case. Plaintiff did not appeal the order, and the time to appeal has now expired. Cf. Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44-45 (2d Cir. 1986) ("[I]nability to obtain appellate review, or the lack of such review once an appeal is taken, does prevent preclusion."). Thus, the personal jurisdiction issue was necessary to a valid and final judgment.

\*\*\*\*\*\*\*\*\*\*

Because the four collateral estoppel factors support the application of collateral estoppel to this action, the Court concludes that it is bound by Moscato I's personal jurisdiction determination. Accordingly, the Court dismisses this action for lack of personal jurisdiction.

D. Change of Venue

The Court notes that pursuant to 28 U.S.C. § 1631, the Court must transfer this action to a venue that would have personal jurisdiction over MDM, rather than dismiss it, if doing so would be "in the interest of justice." See 28 U.S.C. § 1631; Bell v. Shah, No. 05 Civ. 0671, 2006 WL 860588, at \*1 n.2 (D. Conn. Mar. 31, 2006) ("Section 1631 requires transfer when personal jurisdiction is wanting 'unless it [i]s not in the interest of justice to do so.'") (quoting Paul v. INS, 348 F.3d 43, 46 (2d Cir. 2003)). Although neither party moved to transfer venue, the

13

Court may order a transfer of venue under § 1631 <u>sua sponte</u>.  See <u>Imundo v. Pocono Palace, Inc.</u>, No. 01 Civ. 807, 2002 WL 31006143, at *3 (D.N.J. Aug. 14, 2002).

"[A] district court should carefully weigh the equities of choosing to dismiss rather than to transfer."  <u>Paul</u>, 348 F.3d at 47.  Because the Court lacks information about which districts have personal jurisdiction over MDM, the Court is unable to determine whether it is in the interests of justice to transfer this action to another venue in lieu of dismissal.  Accordingly, either party may reopen this case no later than August 10, 2008 by filing a motion with the Court to transfer venue in lieu of dismissal.  The Court will then consider briefing on whether such a transfer would be in the interest of justice.

III. Conclusion

For the reasons stated above, the Court GRANTS MDM's motion to dismiss for lack of personal jurisdiction. The Clerk of the Court is directed to close this case. Any pending motions are moot. No later than August 10, 2008, either party may reopen this case by filing a motion to transfer venue in lieu of dismissal.

SO ORDERED.

Dated: New York, New York
July 30, 2008

_____
Kimba M. Wood
United States District Judge